

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-17-00070-CV

Osbaldo Hurtado **AVALOS** and Antonio Hurtado as assignees of Karla Flores Guevara,
Appellants

v.

**LOYA INSURANCE COMPANY**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2016CVT001431 D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:   Marialyn Barnard, Justice
Concurring Opinion by: Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  July 25, 2018

Although the Texas Supreme Court has declined to adopt an exception to the eight-corners rule, in *GuideOne Elite Insurance Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305 (Tex. 2006), it indicated that an exception may be appropriate where collusion or fraud exists:

> GuideOne contends that it should not have to defend because it *knows* that Evans was not in fact an employee of the Church during this period, but the duty to defend does not turn on the truth or falsity of the plaintiff's allegations. One amicus argues, however, that it should because ignoring the truth invites fraudulent and even collusive pleadings. The amicus further suggests that we should adopt a true-facts exception to the eight-corners rule to prevent the rule's recurring use as a tool for fraud. But the record before us does not suggest collusion or the existence of a pervasive problem in Texas with fraudulent allegations designed solely to create a duty to defend.

*Id.* at 311 (emphasis in original). I believe these statements by the supreme court, although dicta, leave the door open, at least where fraud and collusion exist, for the supreme court to consider adopting an exception to the eight-corners rule.

In this case, the undisputed summary judgment evidence shows the following: (1) Loya's insured (Guevara) *was not driving* the vehicle involved in the accident; (2) an excluded driver (Flores) *was driving* the vehicle involved in the accident; (3) in order to deceive Loya into providing a defense, Guevara, Flores, and the Hurtados agreed to and did, in fact, lie to both the investigating police officer and to Loya; and (4) once Loya learned of the deception, it withdrew its defense of Guevara. Thus, the summary judgment evidence in this case shows fraud and collusion.

The Texas Supreme has recognized that "defense of third-party claims provided by the insurer is a valuable benefit granted *to the insured* by the policy, separate from the duty to indemnify." *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 655 (Tex. 2009) (emphasis added). The court has also explained the "duty to defend protects the insured by requiring a legal defense to allegations without regard to whether they are true." *Id.* at 656. Accordingly, Loya's duty under the policy to provide a defense to Guevara was *for her benefit* and to protect her by providing a defense even to untrue allegations. But surely the benefit and protection afforded to Guevara under the policy are intended to benefit and protect her *from untrue allegations in the pleadings that are within the control of the pleader*, and not from untrue allegations that *are brought about by her own fraud and collusion*. In this case, the untrue allegations came about as a result of collusion and fraud perpetrated by Guevara, the insured. She should not be able to benefit from her own deceptive, fraudulent acts to the detriment of Loya.

Because the supreme court has not yet recognized an exception to the eight-corners rule, I concur in the judgment. However, I believe an exception to the eight-corners rule should exist in a situation like this one where the undisputed evidence shows the insured participated in collusion and fraud "solely to create a duty to defend." *GuideOne*, 197 S.W.3d at 311.

Karen Angelini, Justice